# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL GALLO, #B18014,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 19-cv-624-SMY** |
| ) | |
| **NURSE PROSISE** ) | |
| **and MR. JASON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Carl Gallo, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that Nursing Director Jason and Nurse Prosise retaliated against him for filing a grievance about inadequate medical care by charging him a $5.00 copayment for treatment of his gastroesophageal reflux disease. (Doc. 1, pp. 8-11). He asserts claims against both defendants under the First and Eighth Amendments. (*Id*.). Plaintiff seeks a court order defining "chronic condition," refunding him for all copayments charged for his treatment, and prohibiting future retaliation. (*Id*. at p. 12).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

The following allegations are set forth in the Complaint (Doc. 1, pp. 8-11): Plaintiff has been diagnosed by a physician with gastroesophageal reflux disease ("GERD"), a chronic health condition that causes acid reflux, indigestion, and heartburn, among other things. (Doc. 1, p. 10). He takes antacids to manage the condition. (*Id*.).

After filing a grievance[1] to complain about inadequate medical care he received from Big Muddy's medical staff on June 19, 2017, Plaintiff became the target of harassment and retaliation by Nurse Prosise and Nursing Director Jason. (Doc. 1, pp. 8, 11). On June 20, 2017, Nursing Director Jason accused Plaintiff of giving the nurses a "hard time." (*Id*. at pp. 8-9). The same day, Nurse Prosise met with Plaintiff at nurse sick call to discuss his request for more antacids and to complete the indigestion / heartburn protocol. (*Id*.). Prosise then instructed Plaintiff to sign a $5.00 copayment voucher for her services. (*Id*. at pp. 9-10). Plaintiff initially refused. (*Id*.).

When Plaintiff asked Nursing Director Jason about the copayment requirement for his chronic condition, Jason assured Plaintiff that he could obtain refills of antacids every three days without a copayment. (*Id*.). Jason nevertheless allowed the copayment voucher to be processed. (*Id*. at p. 11). Since that date, Plaintiff has regularly been required to make a $5.00 copayment for treatment of his chronic condition.[2] (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Defendants retaliated against Plaintiff for filing a grievance against Big Muddy's medical staff on June 19, 2017, by verbally harassing him and charging him a $5.00 copayment for treatment of GERD thereafter, in violation of the First Amendment.

---

[1] Plaintiff does not provide a copy of the grievance dated June 19, 2017, but he states that it addressed medical supplies he was denied.

[2] Before filing the grievance on June 19, 2017, Plaintiff regularly received treatment for his GERD without being charged a copayment. (*Id*.).

**Count 2:**    Defendants exhibited deliberate indifference to Plaintiff's chronic health condition by charging him a $5.00 copayment for treatment of GERD, in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Discussion

### Count 1

In order to proceed with a retaliation claim at this stage, Plaintiff's allegations must at least suggest that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). Plaintiff set forth sufficient facts for his claim to proceed against Nurse Prosise and Nursing Director Jason.

According to the Complaint, after Plaintiff filed a grievance against medical staff on June 19, 2017, Nurse Prosise began charging him an allegedly unnecessary copayment for medical treatment and antacid refills. Nursing Director Jason informed Plaintiff that the copayment was unnecessary, but still allowed the payment to be processed after warning Plaintiff to stop giving the nursing staff a "hard time" by filing grievances. From that point forward, Plaintiff was required to make copayments for treatment of his chronic condition. These allegations state a colorable First Amendment retaliation claim in Count 1 against both defendants.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

In order to proceed on his Eighth Amendment deliberate indifference claim, Plaintiff must demonstrate that he suffers from a sufficiently serious medical condition (*i.e.*, an objective standard) and that each defendant responded to his medical condition with deliberate indifference (*i.e.*, a subjective standard). *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff's chronic medical condition, GERD, is sufficiently serious to satisfy the objective component of this claim at screening. *See, e g., Miller v. Campanella*, 794 F.3d 878 (7th Cir. 2015) (GERD supported Eighth Amendment claim).

To satisfy the subjective component, Plaintiff must describe deliberate indifference on the part of each defendant. Plaintiff complains only about the $5.00 fee for medical services. The Eighth Amendment "does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care." *Poole v. Isaacs*, 703 F.3d 1024, 1026 (7th Cir. 2012). Plaintiff makes no claim that he was unable to afford the copayment or that his treatment was delayed or denied because of it. An inmate who "opt[s] to refuse treatment rather than part with his money" cannot prevail on an Eighth Amendment claim because "[e]ven though he was in pain until he received treatment, the delay in receiving care was of his own making." *Id.* at 1027. The allegations do not suggest that either defendant exhibited deliberate indifference to Plaintiff's serious medical condition. Count 2 will therefore be dismissed without prejudice.

**<u>Relief Requested</u>**

Plaintiff requests monetary and injunctive relief in the Complaint. The Warden of Big Muddy River Correctional Center will be added as a defendant, in his or her official capacity, based on the request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir.

2011); FED. R. CIV. P. 21, 17(d).[4]  The Court construes this request as one for relief *at the close of the case*.  If more immediate relief becomes necessary, Plaintiff should file a separate motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b).  He should identify the exact relief he requires and the reasons it is necessary during the pending action.

### Pending Motion

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as unnecessary.  The Court will order service of this lawsuit on the defendants as a matter of course because Plaintiff has been granted leave to proceed as a poor person in this *pro se* action.

### Disposition

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF BIG MUDDY RIVER CORRECTIONAL CENTER** (official capacity only) as a defendant for purposes of implementing any injunctive relief that is ordered in this case.

**IT IS ORDERED** that **COUNT 1** survives screening under 28 U.S.C. § 1915A and will receive further review against Defendants **PROSISE** and **JASON**.  However, **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **WARDEN OF BIG MUDDY RIVER CORRECTIONAL CENTER (official capacity only), PROSISE,** and **JASON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of

---

[4] Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: 8/21/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**