IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL GALLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-00624-MAB |
| | ) |
| JENNIFER PROSISE, ET AL., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Carl Gallo, an inmate in the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging multiple Defendants violated his constitutional rights by retaliating against him for filing grievances (Doc. 1). Defendants Jason Orkies and Jennifer Prosise, as well as Defendant Morgenthaler, filed motions and supporting memorandum for summary judgment, which were granted on August 26, 2021 (Docs. 55, 56, 66, 67, 72). On August 27, 2021, the Court closed this case (Doc. 73).

Now pending before the Court are two Bill of Costs filed by Defendants. Defendant Morgenthaler filed his Bill of Costs on January 4, 2021 seeking $656.45 for Plaintiff's deposition transcript, which was taken on August 6, 2020 (Doc. 74, p. 3). Defendants Orkies and Prosise filed their Bill of Costs on January 21, 2022 seeking a total of $738.65 also for Plaintiff's deposition transcript (Doc. 78). In total, Defendants collectively seek $1,395.10.

1

Plaintiff filed two objections to the Bill of Costs on January 24, 2022 and January 31, 2022 (Docs. 80, 81). Plaintiff objects to the costs because he "has no money, property, or any source of income, he has previously filed an affidavit of such, and has been determined a poor person, to proceed in forma pauperis in this case" (Doc. 80, p. 4). He also outlines that the deadline to appeal has already passed; therefore, he believes it is too late for the Defendants to "add or ask for anything else in this case." *Id.* Plaintiff further outlines that he has been a prisoner for over 32 years and is still indigent at the time of filing his objections, just as he was assessed indigent at the beginning of the case (Doc. 81, p. 1).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.' " *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). This evidence should be in the form of an affidavit or other documentation that outlines

the losing party's income and assets. *Id.* Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Docs. 2, 5). Plaintiff did not provide any supporting information to his short objections detailing his current Trust Fund balance or other financial information to allow the Court to assess his current income, which is integral to the Court's determination of whether a plaintiff is incapable of paying costs. Even so, it is supported by the record that Plaintiff is incapable of paying *all* of Defendants' costs at this time as he is still currently incarcerated.

Turning to the amount of the costs, Defendant Morgenthaler seeks $656.45 while Defendants Prosise and Orkies seek $738.65, totaling $1,395.10. That sum is substantial to a prisoner proceeding *in forma pauperis*. Furthermore, the Court finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. But with that said, the Court has no way of determining Plaintiff's current ability to pay Defendants' costs since Plaintiff has not submitted any information about his current Trust Fund balance. In his objections, Plaintiff highlights that he is under medical quarantine at the time of writing his objections and is unable to "get copies" and e-file. Perhaps the medical quarantine also hindered his ability to get copies of his Trust Fund

3

balance, but Plaintiff does not make those arguments and the Court declines to address that argument *sua sponte.*

As for his future ability to pay Defendants' costs, Plaintiff did not provide any information (*see* Docs. 80, 81), but the Court notes that according to the Department of Corrections' website, Plaintiff was first incarcerated in 1991 and remains incarcerated with a projected parole date in January 2026. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs as he has not submitted information about his current financial situation. Depositions are one of the primary methods of conducting discovery, and the parties in a lawsuit are permitted to depose one another. *See* FED. R. CIV. P. 30. Making a record of the deposition in a written transcript and/or by video is essential. Deposition costs are recoverable under 28 U.S.C. § 1920. *See also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Although Plaintiff argues that Defendants should have used interrogatories instead of depositions (*see* Doc. 81, p. 1), the Court has no reason to doubt that it was necessary for Defendants to depose Plaintiff in order to properly defend themselves against his claims. For that reason, the Court concludes that Plaintiff should not be completely relieved of the obligation to pay Defendants' costs. *See Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999) ("Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them . . . . Straitened circumstances do not justify filing weak suits and then demanding that someone else pay the bill.").

In light of this conclusion, the Court must ask whether Plaintiff should be obligated to pay *all* of Defendants' claimed costs. Although, Plaintiff did not identify any basis for a finding that he was presently incapable of paying Defendants' costs or will be in the future, the Court cannot ignore that Plaintiff is incarcerated and there were times during these proceedings his trust fund did not have a balance anywhere near the $1,395.10 collectively sought by Defendants (*see* Doc. 5 (showing average monthly deposits of around $10 in November 2018, December 2018, and January 2019). The total amount sought by Defendants is substantial in light of Plaintiff's incarceration. The Court notes that Rule 54(d) does not set forth a deadline for filing a bill of costs. *See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 307 (7th Cir. 1995). Notably, no order or local rule in this case established a deadline for filing a bill of costs. *See* SDIL-LR 54.2. Despite a lack of a deadline, an unreasonable delay may be a factor the Court considers in exercising its discretion to deny all or part of a costs award. *Cunningham v. Jenkins,* No. 17-cv-126-RJD, 2022 WL 1555373, at *1 (S.D. Ill. May 17, 2022). But, "where there is no deadline, it is well-established that a party may wait until after an appeal to file a bill of costs." *Id*. (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988)).

Here, Defendants took approximately 4.5 months to file their bills of cost after the close of this case. And while the Court is not prepared to say that this is an unreasonable amount of time, *per se*, given that this Court's Local Rules do not impose a deadline for filing a bill of costs, this is certainly outside the norm of what the Court traditionally sees.

Ultimately, the Court concludes that this action involved important constitutional rights, Plaintiff's pursuit of his case was in good faith, even though he did not prevail, but that the Court cannot simply absolve Plaintiff of his entire obligation to pay Defendant's costs. For these reasons, the Court will reduce the amount he owes with respect to each Bill of Costs by 50%, which the Court finds reasonable under the circumstances. That amount allows Defendants to recover a portion of the costs they were forced to incur and imposes a measure of accountability on Plaintiff.

For these reasons, the Court **OVERRULES in part** Plaintiff's objection to costs since he has not submitted an affidavit with his current financial status outlined clearly for the Court, or other supporting materials and arguments, but will reduce the amount of costs to $697.56 ($328.23 to Defendant Morgenthaler and 369.33 to Defendants Prosise and Orkies). This amount represents 50% of the requested costs, which the Court finds reasonable under the circumstances. The Court **ORDERS** an award of costs in the total amount of $697.56, and the Clerk of Court shall tax costs in this amount against Plaintiff.

**IT IS SO ORDERED.**

**DATED: December 7, 2022**

s/  Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**